IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JULIE GARCIA and RICARDO GARCIA,    )
    )
        Plaintiffs,    )    TC-MD 190032R
    )
    v.    )
    )
DEPARTMENT OF REVENUE,    )
State of Oregon,    )
    )
        Defendant.    )    **CORRECTED DECISION**

This matter came before the court on Defendant's Motion for Correction (Motion), filed March 13, 2020, requesting that the court correct and clarify certain items contained in its Decision, entered March 3, 2020. Plaintiffs have not objected to Defendant's Motion. The Decision, entered March 3, 2020, is attached and incorporated into this Corrected Decision.

The court may "correct clerical mistakes or omissions at any time on its own motion" or at a party's request "within a reasonable time * * *." Tax Court Rule – Magistrate Division (TCR-MD) 18 A.

A.    *2016 Food Expense*

In its Motion, Defendant noted that the third paragraph on page 4 of the Decision states that "Broeske testified that she reviewed Plaintiffs' food expenses she received after the initial audit and allowed expenses of $10,189.43. (Ex J.)" Defendant requests clarification that "[t]he full amount Defendant allowed was $10,189. This amount was prior to the allocation of personal use and reduction due to IRC section 265." (Mot at 1.) That paragraph is hereby corrected to read "Broeske testified that she reviewed Plaintiffs' food expenses she received after the initial audit and allowed $10,189.43 *before applying the allocation and reduction under IRC section 265*."

B.      *2017 Business License Expense*

In the Decision, entered March 3, 2020, page 5, paragraph, the court stated that "Broeske also allowed $100 for business licenses.  (Ex J.)"  Defendant requests clarification that "[t]he full amount Defendant allowed was $100 prior to the reduction of IRC section 265."  (Mot at 2.) That paragraph is hereby corrected to read "Broeske also allowed $100 for business licenses *before applying the reduction under IRC section 265*."

C.      *2017 Food Expense*

The final clarifying correction Defendant requests appears on p 5 paragraph 3.  "Broeske testified that she received Plaintiffs' food expenses she received after the initial audit and allowed expenses of $8,844.  (Ex K at 1.)"  Defendant requests that the court correct that statement to note that "[t]he full amount Defendant allowed was $8,844 * * * prior to the allocation of personal use and reduction due to IRC section 265."  (Mot at 2.)

That paragraph is hereby corrected to read "Broeske testified that she received Plaintiffs' food expenses she received after the initial audit and allowed expenses of $8,844 *prior to the allocation of personal use and reduction under IRC section 265*."

D.      *Conclusion; Application of IRC Section 265*

"Defendant requests the court clarify the amounts listed in the Conclusion of the Decision."  (Mot at 1.)  "Defendant believes the court used the total expenses allowed instead of the additional expenses at issue."  *Id*.  The court's Decision adopted both Defendant's determination as to substantiation of Plaintiffs' expenses and Defendant's allocated reductions under IRC section 265.  *See Garcia v. Dept. of Rev.*, TC-MD 190032R, 8, 9 (Mar 3, 2020).  The court's conclusion is hereby corrected as follows:

/ / /

III. CONCLUSION

After careful consideration, the court finds that for the 2016 tax year, Plaintiffs' income is increased by $55,656. Their deduction for food expense is $[*10,189*]**1,210**, business use of their home is $2,540, and their net itemized deductions are $10,777. Plaintiffs' deduction for self-employment tax is increased by $857. The court also finds that for the 2017 tax year, Plaintiffs' income is increased by $9,769. Their deductions are increased by $[*100*]**26** for taxes and licenses; $[8,844]**1,104** for food; and $1,022 for business use of their home. Their itemized deductions are increased by $497 and their self-employment tax deduction is increased by $590. Now, therefore,

E.      *Appeal Rights*

A party wishing to appeal to the Regular Division of this court must do so within 60 days of the date of this Corrected Decision. ORS 305.501(5)(a). "If no appeal is taken to the tax court judge within 60 days, the decision of the magistrate shall become final." ORS 305.501(7).

IT IS THE DECISION OF THIS COURT that the court's Decision, entered March 3, 2020, is hereby corrected.

Dated this ____ day of April 2020.

_____
RICHARD DAVIS
MAGISTRATE


*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on April 7, 2020.*